UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

SKY PHONE, LLC

    *Plaintiff*,

vs.

EXCESS TELECOM, INC.

    *Defendant*.

_____/

**COMPLAINT FOR BREACH OF CONTRACT**

    Plaintiff, Sky Phone, LLC ("Plaintiff"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. § 1332 brings this breach of contract action against Defendant, Excess Telecom, Inc. ("Defendant" or "Excess Telecom"), and states the following in support thereof:

**PARTIES, JURISDICTION, AND VENUE**

    1.    Plaintiff is a Florida limited liability company, with its principal place of business located in Miami-Dade, Florida.

    2.    Defendant Excess Telecom, Inc., is a corporation, with its principal place of business located in Los Angeles, California.

    3.    This Court has jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and the parties to this action are citizens of different states.

    4.    The transactions that are the subject matter of this complaint took place in Miami-Dade County, Florida, and the monies to be paid to Plaintiff in this transaction were to be paid by Defendant to Plaintiff in Miami-Dade County, Florida.

    5.    This is an action for damages in excess of Twenty-Five Million, One Hundred

Fifty-Nine Dollars and Fifty Cents $25,000,159.50 exclusive of interest, costs, and attorney's fees.

6. All conditions precedent to the bringing of this action have occurred, been performed or excused, or would have been futile.

## GENERAL ALLEGATIONS

7. The instant dispute arises from agreements between the Parties for the sale and purchase of cell phones and tablets, the terms of which are evidenced by the purchase orders ("POs") attached hereto as Composite Exhibit A.

8. On May 18, 2023, Defendant issued to Plaintiff PO SKY10.2023.05.18.1 for the purchase of 300,000 10" tablets for a price of $54.50 per unit, totaling $16,350,000.00. *See* Composite Exhibit A at 1.

9. On July 19, 2023, Defendant issued an additional three (3) purchase orders to Plaintiff. Specifically, SKY PO: 1036 for the purchase of 750,000 8" tablets at a price of $46.00 per unit, totaling $34,500,000.00, SKY PO: 1037 for the purchase of 300,000 10" tablets at a price of $54.50 per unit, totaling, $16,350,000.00, and SKY PO: 1038 for the purchase of 370,000 6.0" Sky phones at a price of $39.00 per unit, totaling $14,430,000. *See Id*. at 2-4.

10. Upon agreement of the Parties, and receipt of a PO, Plaintiff would immediately begin to fulfill the same, placing deposits with the requisite suppliers/vendors for the procurement of materials and production of the corresponding tablets and phones which were then to be shipped by Plaintiff to the United States for delivery to Defendant.

11. Beginning in approximately July 2023, Defendant began to either partially or entirely refuse to accept delivery of the tablets and Sky phones produced pursuant to the above POs.

12. As will be detailed with particularity in Counts I - IV of this Complaint,

Defendant's breaches of contract (i.e. the terms of the POs) have resulted in extensive damage to Plaintiff including, but not limited to storage fees, and financing expenses on tablets that have been already been produced and Defendant refuses to accept, the loss of non-refundable deposits Plaintiff has delivered its to suppliers for tablets and Sky phones which were going to be produced but for Defendant's breach, as well as lost profits stemming from all tablets and Sky phones Defendant agreed to purchase pursuant to the above discussed POs, but now refuses to accept.

## COUNT I – BREACH OF CONTRACT (PO SKY10_2023.05.18.1)

13. Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff entered into a Contract with Defendant's for the purchase of 300,000 10" tablets on May 18, 2023, at a total contract price of $16,350,000, as evidenced by PO SKY10_2023.05.18.1.

15. While Defendant has accepted delivery of 107,047 of the 10" tablets and paid the corresponding price of $4,119,623.00, Defendant has breached its contract with Plaintiff by refusing to accept the remaining 192,953 10" tablets or pay Plaintiff the outstanding $12,230.377 it is owed pursuant to PO SKY10_2023.05.18.1.

16. At the time of Defendant's breach, Plaintiff already produced 109,464 of the remaining 192,953 10" tablets in response to PO SKY10 2023.18.1 which were and are ready for delivery to Defendant and are currently being stored in a warehouse in California as a result of Defendant's refusal to accept delivery.

17. Moreover, as of Defendant's breach, Plaintiff had already placed non-refundable deposits with the requisite suppliers/vendors to produce the other 83,489 of the remaining 192,953 10" tablets.

18. As a direct and proximate result of Defendant's material breach of the terms of PO

SKY10_2023.05.18.1, Plaintiff has suffered damage including, but not limited to, the amount of $5,965,788.00 for 109,464 10" tablets which Plaintiff has already produced, but Defendant now refuses to accept, as well as warehouse fees totaling $118,882.00 and financing expenses totaling $103,757.00 arising from the storage of those 109,464 10" tablets.

19. Plaintiff has also incurred damages in delivering deposits in the amount of $753,182.27 to suppliers/vendors for the production of the remaining 83,489 10" tablets which Plaintiff would have produced and delivered to Defendant had it not breached PO SKY10_2023.05.18.1, as well as lost profits in the amount of $960,123.50 which Defendant would have realized from the sale of the 83,489 10" tablets, but for Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant for the above stated damages totaling $7,901,732.77 pursuant to PO SKY10_2023.05.18.1. along with the costs of this action and any other legal or equitable relief that the Court deems just and proper in the premises.

## COUNT II – BREACH OF CONTRACT (SKY PO:1036)

20. Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

21. Plaintiff entered into a Contract with Defendant's for the purchase of 750,000 8" tablets on July 19, 2023, at a total contract price of $34,500,000.00 as evidenced by SKY PO: 1036.

22. In compliance with its duties and obligations under the SKY PO: 1036, to date Plaintiff has delivered 281,831 8" tablets, for which Defendant has paid Plaintiff $11,990,271.00.

23. Defendant has breached its contract, as Defendant refuses to accept delivery of the remaining 468,169 8" tablets it ordered from Plaintiff pursuant to SKY PO: 1036.

24. As of the time of Defendant's breach, Plaintiff had already produced 93,374 of the

remaining 468,169 8" tablets, which were and are ready for delivery to Defendant and are currently being stored in a warehouse in California as a result of Defendant's refusal to accept delivery.

25. Additionally, as of Defendant's breach, Plaintiff had already delivered non-refundable deposits totaling $912.930.00 to the requisite suppliers/vendors for the production of an additional 117,100 of the 8" tablets ordered pursuant to SKY PO: 1036.

26. As a direct and proximate result of Defendant's material breach of the terms of SKY PO: 1036, Plaintiff has suffered damage, including but not limited to $4,295,204.00 for the 93,374 8" tablets which Plaintiff has already produced, but Defendant now refuses to accept, as well as warehouse fees totaling $100,740.00 and financing expenses totaling $88,385, arising from the storage of those 93,374 8" tablets.

27. Plaintiff has incurred additional damages in delivering deposits paid by Plaintiff in the amount of $912,930.00 to suppliers/vendors for the production of an additional 117,100 of the 8" tablets ordered by Defendant, which Plaintiff would have produced and delivered to Defendant had it not breached SKY PO: 1036, as well as lost profits in the amount of $3,747,950.00 which Defendant would have realized from the sale of the remaining 374,795 8" tablets, but for Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant for the above stated damages totaling $9,145,209.00 pursuant to SKY PO: 1036, along with the costs of this action and any other legal or equitable relief that the Court deems just and proper in the premises.

### COUNT III – BREACH OF CONTRACT (SKY PO: 1037)

28. Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

29. Plaintiff entered into a Contract with Defendant for the purchase of 300,000 10"

tablets on July 19, 2023, at a total contract price of $16,350,000.00 as evidenced by SKY PO: 1037.

30. Upon receipt of SKY PO: 1037, Plaintiff began performing pursuant to the terms of the same, placing deposits in the amount of $291,217.73 with the requisite suppliers/vendors for the procurement of materials and production of 32,281 of the 300,000 10" tablets ordered by Defendant.

31. Defendant has advised Plaintiff that it refuses to accept delivery of any of the 300,000 10" tablets it agreed to purchase pursuant to SKY PO: 1037 and has therefore materially breached its contract with Plaintiff.

32. As a direct and proximate result of Defendant's material breach of the terms of SKY PO: 1037, Plaintiff has suffered damage, including but not limited to $291,217.73 in deposits paid by Plaintiff for the production of 32,281 of the 300,000 10" tablets Plaintiff would have produced and delivered to Defendant, as well as lost profits in the amount of $3,450,000.00 for the which Plaintiff reasonably expected to and would have realized from the sale of the 300,000 10" tablets to Defendant.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant for the above stated damages totaling $3,741,217.73, along with the costs of this action and any other legal or equitable relief that the Court deems just and proper in the premises.

## COUNT IV- BREACH OF CONTRACT (SKY PO: 1038)

33. Plaintiff realleges paragraphs 1 through 12 as if fully set forth herein.

34. Plaintiff entered into a Contract with Defendant for the purchase of 370,000 6.0" Sky phones on July 19, 2023, at a total contract price of $14,430,000.00 as evidenced by SKY PO: 1038.

35. Upon receipt of SKY PO: 1038, Plaintiff began performing pursuant to the terms of the same, placing non-refundable deposits in the amount of $512,000.00 with the requisite suppliers/vendors for the procurement of materials and production of 80,000 of the 370,000 6.0" Sky phones ordered by Defendant.

36. Defendant has advised Plaintiff that it refuses to accept delivery of any of the 370,000 6.0" Sky phones it agreed to purchase pursuant to SKY PO: 1038 and has therefore materially breached its contract with Plaintiff.

37. As direct and proximate result of Defendant's material breach of the terms of SKY PO: 1038, Plaintiff has suffered damage, including but not limited to $512,000.00 in deposits paid by Plaintiff for the production of 80,000 of the 370,000 6.0" Sky phones Plaintiff would have produced and delivered to Defendant, as well as lost profits in the amount of $3,700,000.00, which Plaintiff reasonably expected to and would have realized from the sale of the 370,000 6.0" Sky phones to Defendant, but for Defendant's breach.

WHEREFORE, Plaintiff requests that this Court enter judgment in its favor and against Defendant for the above stated damages totaling $4,212,000.00 along with the costs of this action and any other legal or equitable relief that the Court deems just and proper in the premises.

Dated: July 24, 2024,

GOVERNMENT LAW GROUP PLLC
*Counsel for Plaintiff*
200 South Andrews Avenue, Suite 601
Ft. Lauderdale, Florida 33301
Telephone: (954) 909-0580
By: */s/ Alan G. Kipnis*
    Alan G. Kipnis, Esq.
    Florida Bar No. 181788
    Andrew J. Ingber, Esq.
    Florida Bar No. 1028001
Email: akipnis@govlawgroup.com
       aingber@govlawgroup.com
       pleadings@govlawgroup.com